IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
OCT 30 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AKI A. SUMMERS<br>Plaintiff | CASE NO. 1:13CV1347<br>CMH/TCB |
| VERSUS | |
| QUICKSTAR LOGISTICS, INC.<br>F/K/A AIR CARGO LOGISTICS, INC<br>Defendant | JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1. Plaintiff AKI A SUMMERS ("Summers"), brings this action against Defendant QUICKSTAR LOGISTICS, INC., formerly known as Air Cargo Logistics, Inc. ("ACLS") for damages resulting from violations by ACLS of the protections afforded to members of the Armed Forces by the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501 *et. seq.* ("SCRA"). Plaintiff seeks all appropriate relief, including monetary damages, punitive damages, costs and attorneys fees, as a result of the violations of Plaintiff's rights under the SCRA. Plaintiff shows that Defendant ACLS violated the SCRA by wrongfully enforcing a lien for the storage of Plaintiff's property without first having obtained a valid court order, in violation of 50 U.S.C. App. §537. Furthermore, Plaintiff shows that under common law, the actions of Defendant ACLS constituted common law conversion for which damages, including punitive damages should be awarded.

1

## PARTIES

2. Plaintiff AKI A. SUMMERS is a citizen of the full age of majority of the State of Louisiana, currently serving with the United States Air Force and stationed in the State of Georgia.

3. Defendant QUICKSTAR LOGISTICES, INC., formerly known as Air Cargo Logistics, Inc., is a corporation formed under the laws of the Commonwealth of Virginia, with its principal offices and an operating location at 23480 Rock Haven Way, Suite 100, Sterling, Virginia 20166.

## JURISDICTION AND VENUE

4. The claims asserted herein arise under the SCRA, and specifically 50 U.S.C. App. §537 as well as the common law of the Commonwealth of Virginia.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that the claims of the principal demand arise under the laws of the United States. This Court has supplemental jurisdiction over the remaining related claims pursuant to 28 U.S.C. §1367(a).

6. Defendant is a corporation organized under the laws of the Commonwealth of Virginia and has its principal place of business in this District. Therefore, it is subject to personal jurisdiction in this Court and has appointed an agent for service of process within the Commonwealth of Virginia, on whom this matter will be served.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), in that a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

8. At all times pertinent herein, Plaintiff Summers has been a member of the United States Air Force on active military duty. She has been on active duty with the United States Air Force since June 1, 1993.

9. In approximately July 2007, Plaintiff Summers stored a quantity of slabs of granite owned by her at a warehouse operated by Defendant ACLS. Plaintiff's property was delivered to the ACLS warehouse facility near Dulles International Airport.

10. At the time Plaintiff Summers' property was stored in the ACLS warehouse near Dulles International Airport, she was stationed with the United States Air Force in Virginia, but was subsequently transferred to Seoul, Korea for further military duty in October 2008.

11. After a dispute arose between Plaintiff and Defendant concerning the amount of storage fees being charged for the storage of Plaintiff's property and while Plaintiff was stationed in Korea on active military duty, Defendant ACLS seized and sold Plaintiff's property at some date on or about May 21, 2009, to satisfy a storage lien. The seizure and sale of Plaintiff's property to satisfy a storage lien in favor of ACLS was without a court order, in violation of 50 U.S.C. App. §537.

12. Prior to any seizure or sale of her property by Defendant ACLS, Plaintiff Summers had advised Defendant ACLS on more than one occasion that she was on active military duty. Moreover, in correspondence sent to Plaintiff by Defendant ACLS on or about January 15, 2009, Defendant ACLS acknowledged that Plaintiff "was stationed in Seoul, Korea."

13.  Plaintiff Summers was never served with any action to enforce a storage lien in favor of Defendant ACLS.

14.  On information and belief, Plaintiff Summers shows that Defendant ACLS never obtained a court order authorizing the seizure and sale of Plaintiff's property, as required by 50 U.S.C. App. §537, before the seizure and sale of her goods took place. Compliance with any Virginia warehouseman's lien enforcement statutes, under the facts of this case and because Plaintiff Summers was at all times protected by the SCRA, is immaterial and irrelevant to Defendant ACLS' liability to Plaintiff Summers.

15.  Plaintiff has been on continuous active duty since June 1, 1993, and therefore, pursuant to the provisions of 50 U.S.C. App. §526, no statute of limitations for the bringing of this action has ever commenced to run against her.

## FIRST CAUSE OF ACTION

## VIOLATION 50 U.S.C. App. §537

16.  Plaintiff re-alleges each and every allegation set forth above as if repeated herein verbatim.

17.  At the time of the illegal seizure and sale of her property to satisfy a storage lien, Plaintiff was on active duty with the United States Air Force. As such, she was protected by the SCRA from any foreclosure or enforcement of storage liens on her goods held in storage, except in strict conformity with the requirements of the SCRA. Defendant ACLS did not comply with the provisions of the SCRA, and specifically 50 U.S.C. App. §537, before seizing and auctioning Plaintiff's property to satisfy a storage lien.

18. Plaintiff shows that the failure of Defendant ACLS to comply with the requirements of 50 U.S.C. App. §537, requiring a valid court order before any seizure and foreclosure on the goods and effects of a person protected by the SCRA to enforce a storage lien, resulted in the loss by Plaintiff of a large quantity of valuable granite slabs that had been warehoused by Defendant ACLS and for which Plaintiff had paid storage fees until a dispute arose between the parties as to the amount of future storage fees.

19. As a result of the intentional actions of the Defendant ACLS, Plaintiff has suffered damages, including the replacement value of the items illegally sold by Defendant ACLS, consequential damages, mental anguish, emotional distress, humiliation, embarrassment, liability for sums still owed for the granite that was sold by Defendant, potential loss of credit score and other damages to be proven at trial.

20. Defendant ACLS is therefore liable to Plaintiff for damages including actual and punitive damages, prejudgment interest, costs and attorneys fees, all as provided by 50 U.S.C. App. §597a.

## SECOND CAUSE OF ACTION

### VIOLATION OF
### COMMON LAW CONVERSION

21. Plaintiff re-alleges each and every allegation set forth above as if repeated herein verbatim.

22. Plaintiff alleges that the act of sale of Plaintiff's stored goods by Defendant ACLS amounted to conversion of her property for which she is entitled to damages. The Defendant intentionally or wrongfully exercised acts of ownership, control or dominion over

personal property to which it had no right of possession at the time the stored goods were sold without a court order, as required by the SCRA., entitling Plaintiff Summers to all damages, costs and fees that can be recovered for conversion, including, but not limited to, the value of the property illegally sold by Defendant ACLS.

23. Plaintiff alleges that the acts of conversion committed by the Defendant were of such a willful and wanton nature as to entitle Plaintiff to punitive damages, in addition to other types of damages that may be recovered in a conversion action.

## DEMAND FOR TRIAL BY JURY

24. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Aki A. Summers, prays that this Complaint be filed and deemed good and sufficient and, after due proceedings had, there be judgment in her favor and against Defendant Quickstar Logistics Systems, Inc., formerly known as Air Cargo Logistics Systems, Inc., for all relief, including damages, punitive damages, costs and attorneys fees, sought herein plus judicial interest on all such sums from date of demand until paid in full, and for all orders necessary in the premises.

RAWLS, MCNELIS & MITCHELL, P.C.

BY: _____
Edward J. McNelis, III, Bar No. 34003
211 Rocketts Way, Suite 100
Richmond, VA 23231
Phone (804) 344-0038
Fax (804) 782-0133
Emcnelis@RawlsMcNelis.com
ATTORNEYS FOR PLAINTIFF,
AKI A. SUMMERS